UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Cr. 06-705 (SDW)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

PLEA AGREEMENT

- against -

SUN ACE SHIPPING COMPANY

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       The United States of America, by and through the Environmental Crimes Section of the United States Department of Justice (referred to herein as the "government"), and the Defendant, SUN ACE SHIPPING COMPANY (referred to herein as the "Defendant"), through its authorized representatives, enter into the following Agreement, pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure:

       1.    Waiver of Indictment. The Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the government in an Information filed in the District of New Jersey.

       2.    The Charge. The Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the criminal Information filed in the District of New Jersey. The charge to which the Defendant agrees to enter a plea of guilty is as follows: by and through the actions of the crew members of the vessel M/V Sun New, the Defendant knowingly failed to maintain an Oil Record Book in which the

disposal of oily residue and the overboard discharge of machinery space bilge water were fully recorded, in violation of 33 U.S.C. § 1908(a) and 33 C.F.R.§ 151.25.

3. Elements of the Offense.

a. The Defendant, through its authorized representative, acknowledges that it is aware of the nature and elements of the offense to which it is entering a guilty plea. If this case were to proceed to trial, the government would have the burden of proving beyond a reasonable doubt each and every element of the offense. The elements of the offense of failing to maintain an accurate Oil Record Book, in violation of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) and 33 C.F.R. §§ 151.25, are as follows: (1) the Defendant, by and through the actions of its agents and/or employees, failed to maintain an Oil Record Book in which the disposal of oil residue and the overboard discharge of machinery space bilge water were fully recorded; and (2) the Defendant, by and through the actions of its agents and/or employees, acted knowingly.

b. Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the corporate defendant is liable for the actions of its agents and employees, whether it knew of such actions or not. *New York Central and Hudson River R.R. v. United States*, 212 U.S. 481, 495 (1909); *United States v. Beusch*, 596 F.2d 871 (9th Cir. 1979); *United States v. Hilton Hotels Corp.*, 467 F.2d 1004-07 (9th Cir. 1972).

4. The Penalties. The Defendant understands that the statutory penalties applicable to a corporate defendant for failing to maintain an oil record book, in violation of 33 U.S.C. § 1908(a), include (1) a maximum fine of either Five Hundred Thousand Dollars ($500,000), or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c)

and (d); (2) a term of probation of five (5) years, pursuant to 18 U.S.C. § 3561(c)(1); and (3) a special assessment of Four Hundred Dollars ($400.00), pursuant to 18 U.S.C. § 3013(a)(2)(B).

5. <u>Rights Waived by Pleading Guilty</u>. The Defendant knowingly and voluntarily waives the following rights through its guilty pleas:

  a. The right to plead not guilty, and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury;

  c. The right to the effective assistance of counsel at trial;

  d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses at trial;

  f. The right to compel or subpoena witnesses to appear on the Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against the Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

6. <u>Applicability of Sentencing Guidelines</u>. The Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). The Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to USSG §§ 8C2.1

and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

7. <u>Sentencing Agreement</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and The Defendant agree that the sentence to be imposed by the Court is as follows:

    a. <u>Fine</u>. The Defendant shall pay a criminal fine in the amount of Four Hundred Thousand Dollars ($400,000). The parties stipulate and agree that this amount is the maximum fine that may be imposed under this Agreement.

    b. <u>Community Service Payment</u>. In furtherance of the sentencing principles provided for under §8B1.3 of the Federal Sentencing Guidelines and 18 U.S.C. § 3553(a), the Defendant shall make a Community Service Payment of One Hundred Thousand Dollars ($100,000) to the National Fish and Wildlife Foundation (the "NFWF"). The parties stipulate and agree that this amount is the maximum community service payment that may be imposed under this Agreement.

    (i) The NFWF is a charitable and nonprofit corporation established pursuant to 16 U.S.C. §§ 3701-3709. Its purposes include the acceptance and administration of "private gifts of property for the benefit of, or in connection with, the activities and services of the United States Fish and Wildlife Service," and the performance of "such other activities as will further the conservation and management of the fish, wildlife, and plant resources of the United States, and its territories and possessions for present and future generations of Americans." 16 U.S.C. § 3701(b)(1), (2). The NFWF is empowered to "do any and all acts

necessary and proper to carry out" these purposes, including, specifically, solicitation, acceptance, and administration of "any gift, devise or bequest . . . of real or personal property." 16 U.S.C. § 3703(c)(1), (7).

(ii)     The payment of One Hundred Thousand Dollars ($100,000) to the NFWF shall be directed to New Jersey community organizations and citizens groups participating in the Delaware Estuary Grants Program. The Delaware Estuary Grants Program, administered by the NFWF, promotes community-based efforts to protect and restore the diverse natural resources of the Delaware Estuary and its watershed. The program provides grants to local governments and community organizations working on a local level to protect and improve watersheds in the Delaware Estuary, while building citizen-based resource stewardship. The purpose of the grants program is to address the living resource and water quality needs of the Delaware Estuary ecosystem. The grants program was designed to encourage the development and sharing of innovative ideas among the many organizations wishing to be involved in watershed protection activities. Launched in 2003, awards are made on an annual basis to communities and organizations within the 6000 square mile Estuary watershed.

(iii)    Because the community service payment is designated as community service by an organization, the Defendant agrees that it will not seek any reduction in its tax obligations as a result of the community service payment. In addition, because this payment constitutes community service, the Defendant will not characterize, publicize or refer to the community service payment as a voluntary donation or contribution.

c.   <u>Mandatory Special Assessment</u>. The Defendant shall pay a Four Hundred Dollar ($400) special assessment.

d. <u>Payments</u>. The Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Agreement are accepted by the Court, it shall pay on the date of sentencing (1) the total criminal fine and mandatory special assessment in the form of a check for four Hundred Thousand and Four Hundred dollars ($400,400) payable to "United States District Court Clerk," which shall include a notation containing the caption of the case and the case number for the district, and (2) the total Community Service Payment in the form of a check for One Hundred Thousand dollars ($100,000) payable to the "New Jersey Coastal Conservation Fund c/o the National Fish and Wildlife Foundation."

e. <u>Probation</u>. Further, pursuant to Rule 11(c)(1)(C), the government and the Defendant agree that the Defendant will be placed on organizational probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(1) and consistent with USSG §§ 8D1.1 and 8D1.2. The parties jointly recommend that supervision of probation be administered in the District of New Jersey. The terms of probation, including special conditions of probation, shall be:

(1) <u>No Further Violations</u>. The Defendant agrees that it shall commit no further violations of federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities, and shall conduct all its operations in accordance with the MARPOL Protocol.

(2) <u>Defendant's Vessels Barred from the United States</u>. In lieu of the Defendant's decision not to develop, adopt, implement and fund a comprehensive Environmental Compliance Plan ("ECP") during its term of probation to ensure its compliance with all applicable marine environmental protection requirements established under applicable international, flag state, port state, and coastal state law, and United States laws, including, but

not limited to, the International Convention for Prevention of Pollution Ships (MARPOL), the Defendant agrees that no vessels owned, operated, chartered, and/or manned by the Defendant or any of its subsidiaries or affiliated entities shall be operated in the Navigable waters of the United States or call on any port or terminal under the jurisdiction of the United States during the term of probation. If at any time during the period of probation, the Defendant wishes to resume operation in the Navigable Waters of the United States or call on any port or terminal in under the jurisdiction of the United States, the Defendant must first contact the United States and the Office of Probation for the District of Jersey and enter into an agreement with the United States to develop, adopt, implement, and fund an ECP as described above. No vessels owned, operated, chartered, or manned by the Defendant or any of its subsidiaries or affiliates will be allowed to operate in the Navigable Waters of the United States or call on any port or terminal in under the jurisdiction of the United States until the United States agrees to the terms of the ECP.

   f. <u>Care of Crew Members</u>. The Defendant agrees to continue the employment of, including the total wages, and provide lodging and meals for Oiler Jorge Maranon, Oiler Livy Ta-ala, and Wiper Ramon Salmete until September 15, 2006, or until notified by the United States that their presence is no longer needed, whichever is sooner, at which point the Defendant agrees to return the said witnesses, as appropriate, to their native countries via air transportation.

   8. <u>Application of the Agreement</u>. This Agreement shall bind the Defendant and its successors and assigns. During the period of probation, the Defendant, or its successors-in-interest, if applicable, shall provide to the undersigned prosecuting office and the United States Probation Office in the District of New Jersey notice no later than five business days of any

name change, corporate reorganization, sale or purchase of vessels that may operate in the Navigable Waters of the United States or call on any port or terminal under the jurisdiction of the United States. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, sale or purchase of vessels, or similar action shall alter The Defendant's responsibilities under this Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

9. <u>Nature of the Agreement</u>. The Defendant and the government acknowledge that this Agreement is made pursuant to Rule 11(c)(1)(C) and Rule 11(c)(3) of the Federal Rules of Criminal Procedure. If the Court rejects any provision of this Agreement or seeks to impose a sentence other than that recommended by the parties, each party reserves the right to withdraw from this Agreement and the Defendant may withdraw its guilty plea.

10. <u>Non-Prosecution of Additional Offenses</u>. Provided that the Defendant complies fully with the terms of this Agreement, the United States agrees to forgo additional criminal prosecution in the District of New Jersey against the Defendant for any additional environmental offenses, or related offenses related to the operation of the Sun New, including, but not limited to, the discharge of oil, the failure to report the discharge of oil, false statements or related acts of obstruction that are related to the offense set forth in the Information in this matter and/or arise out of the conduct giving rise to the investigation in this matter, which occurred before the date of this Agreement and are known to the government at the time of the signing of this Agreement.

The Defendant understands and agrees that neither this paragraph nor this Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, other

than the United States Attorney's Office for the District of New Jersey and the Environmental Crimes Section, including the United States Attorney of any judicial district not a party to this Agreement, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of the Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement has no effect on any proceedings against any party not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

This Agreement does not limit the right of the Defendant or the government to speak at the time of sentencing consistent with the provisions set forth in this plea agreement, and to provide the Court with evidence of all relevant conduct committed by the Defendant. The parties agree that at sentencing each will support the agreed disposition set forth in this Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure.

11. <u>Breach of the Agreement</u>. The Defendant, through its authorized representatives recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by the Defendant solely because of the promises made by the Defendant in this Agreement. If the Defendant breaches this Agreement, or if the Defendant withdraws its guilty plea pursuant to paragraph 9 of this Agreement, the government retains the right to present to the Grand Jury for Indictment, all of the criminal violations

established by the evidence. If the actions of the Defendant or any of its agents and/or employees results in the breach of this Agreement, the Defendant will not be able to withdraw its guilty pleas, and the government will be relieved of all of its obligations under this Agreement. This does not apply to any independent acts committed by either Chang-Sig O or Mun Sic Wang that are not at the direction of the Defendant and any of its employees. If, as a result of a breach of the Agreement, the government elects to pursue any charge that was not filed as a result of this Agreement, the Defendant expressly waives all defenses based upon the statute of limitations and pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 15 below.

12. <u>Corporate Authorization</u>. The Defendant agrees that it is authorized to enter into this Agreement. At the time of signing by the Defendant's representatives, the Defendant shall provide the government with a written statement in the form of a corporate resolution certifying that the Defendant is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that the Defendant's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. The Defendant agrees that the pleas of guilty will be entered by the Defendant through _S. K. KIM_, and that he is authorized to enter a plea of guilty on the Defendant's behalf. By entering this guilty plea, the Defendant hereby waives all objections to the form of the charging documents and admits that it is in fact guilty of the offense as set forth in the Information.

13. <u>Waiver of Appeal</u>. The Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other

federal statutes give a defendant the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, the Defendant knowingly and voluntarily agrees to waive the following rights:

    a.    The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of this offense, including fine and community service;

    b.    The right to appeal any aspect of the Defendant's conviction; and

    c.    The right to bring any collateral attack, or any other writ or motion, that challenges the Defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation.

14.    **Voluntariness of the Plea.**  The Defendant, through its authorized representatives, acknowledges that it has entered into this Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce it to enter into the guilty plea called for by this Agreement.

15.    **Statute of Limitations.**  In the event that this Agreement is not accepted by the Court for any reason, or the Defendant has breached any of the terms of this Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Agreement to: (1) 60 days following the date of non-acceptance of the Agreement by the Court; or (2) 60 days following the date on which a breach of the Agreement by the Defendant is discovered by the government.

16.    **Completeness of Agreement.**  The government and the Defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement is effective upon signature by the Defendant and all of the attorneys for the government.

AGREED AND ACCEPTED

UNITED STATES DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL RESOURCES DIVISION

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

_____     8/4/06
DAVID P. KEHOE                     Date
Trial Attorney
Environmental Crimes Section

_____     8/4/06
LT. KRISTIAN B. PICKRELL           Date
Special Assistant United States Attorney
District of New Jersey

     On behalf of the Defendant, SUN ACE SHIPPING COMPANY (Hereinafter "SUN ACE"), I have been authorized by a corporate resolution to sign this Agreement and bind SUN ACE. SUN ACE has been advised by its attorneys of SUN ACE's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. SUN ACE voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to SUN ACE other than those contained in this Agreement. No one has threatened or forced SUN ACE in any way to enter into this Agreement. Finally, SUN ACE is satisfied by the representation of its attorneys in this matter.

_____     28TH JULY, 2006
S. K. KIM                          Date
Authorized Representative
of SUN ACE SHIPPING COMPANY
Defendant

     I am SUN ACE SHIPPING COMPANY's attorney. I have carefully discussed every part of this Agreement with authorized representatives of SUN ACE. Further, I have fully advised the authorized representatives of SUN ACE's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of SUN ACE to enter into this Agreement is an informed and voluntary one.

_____     8/2/06
CARLOS ORTIZ, ESQ                  Date
Counsel for Defendant
SUN ACE SHIPPING COMPANY